```
           UNITED STATES DISTRICT COURT
         FOR THE DISTRICT OF NEW HAMPSHIRE
```

Allah Burman

    v.                                       Civil No. 20-cv-982-JD
                                             Opinion No. 2021 DNH 110

Warden, FCI Berlin

## O R D E R

Allah Burman, who is an inmate at the Federal Correctional Institution in Berlin, New Hampshire, ("FCI Berlin") and is proceeding pro se, filed a petition for relief under 28 U.S.C. § 2241. Following preliminary review, the petition was served on the warden at FCI Berlin. The warden now moves for summary judgment, and Burman objects.

## Standard of Review

"Summary judgment is appropriate when the moving party shows that 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Joseph v. Lincare, Inc., 989 F. 3d 147, 157 (1st Cir. 2021) (quoting Fed. R. Civ. P. 56(a)). In making that determination, the court construes the record in the light most favorable to the nonmoving party. Thompson v. Gold Medal Bakery, Inc., 989 F.3d 135, 141 (1st Cir. 2021). To avoid summary judgment, the nonmoving party "must adduce specific facts showing that a trier

of fact could reasonably find in his favor" and "cannot rely on conclusory allegations, improbable inferences, acrimonious invective, or rank speculation." Id. Summary judgment is required if a party fails to make a sufficient showing to establish an essential element of his case. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Background

Burman brought a § 2241 petition challenging disciplinary proceedings that resulted in the loss of good time credit. In Claim 1, Burman alleges that he was charged with possession of a dangerous weapon, code 104, Incident Report #2680722, and that his due process rights were violated in the course of that proceeding. In Claim 2, Burman alleges that he was charged with a verbal threat, code 203, Incident Report 3306215, and that his due process rights were violated in the course of that proceeding. In Claim 3, Burman alleges that more than one year of good time credit has been taken unlawfully by various disciplinary hearing officers ("DHO") in unspecified proceedings.

As alleged in the petition, Burman was found guilty in the disciplinary proceeding addressed in Claim 1. Burman requested a copy of the DHO's report in that matter but he did not receive a copy until five years after the incident when his case manager

gave it to him. Neither Burman nor the warden has provided a copy of the incident report or the DHO's report for that incident.

After receiving a copy of the DHO's report, Burman appealed the DHO's decision to the Northeast Regional Office, which denied the appeal. He then filed an appeal with the Office of General Counsel. Burman explained in the appeal to the Office of General Counsel, that he had not received a decision from the Northeast Regional Office. The Office of the General Counsel returned the appeal form to Burman because he did not include a copy of the decision of the Northeast Regional Office. Burman did not respond, and the matter was closed. The warden has not provided a copy of a decision issued by the Northeast Regional Office.

With respect to incident report #3306215 that is addressed in Claim 2, the incident involved Burman's refusal to submit to handcuffs and making a threat that he would attack any staff who entered his cell. Burman refused to attend the Unit Disciplinary Committee hearing on the incident, and charges against him were referred to a DHO for a further hearing. The hearing before the DHO was held on October 15, 2019. Burman declined to have a staff representative at the hearing.

At the hearing, Burman denied the charges and said: "At no time did I refuse to cuff up. This is retaliation for me suing

3

Loretto for over-crowding.  This is fabricated.  At no time did I make any threats."  Doc. 19-4.  The DHO did not find Burman's statement credible and instead relied on the incident report submitted by Officer M. Avila.  The DHO explained that while Burman had a motive to avoid punishment by not telling the truth, the officer had nothing to gain by correctly reporting the incident.  Doc. 19-4.  Burman was found guilty of violating Code 203, and the sanctions imposed on him were thirty days of disciplinary segregation, loss of twenty-seven days of good time credit, and loss of four months of telephone privileges.  The report was delivered to him on October 22, 2019.

Burman filed an appeal with the Northeast Region, arguing that he was not guilty and the DHO's findings should be reversed.  In support, Burman argued that the delay between the incident and the hearing before the DHO violated due process, that the incident report was fabricated, and that the report that he turned his back and was rambling showed that the officer could not have heard what he said.  The acting regional director issued a response on December 30, 2019, in which he determined the DHO reasonably found Burman guilty, no deviations from prison policy occurred, and there were no due process violations.  The acting regional director did find minor administrative errors in the DHO's report, notified the DHO, and stated that Burman would receive an amended report.

Burman appealed that decision to the Central Office of Administrative Remedy Appeal. He argued that his due process rights were violated by the delay between the incident and the DHO hearing, because the incident report was fabricated, and because the officer could not have heard what he said because he turned away. The Administrator denied his appeal, finding no undue delay, no evidence of fabrication, and no other bases to support his claims on appeal.

Claim 3 is a general challenge to disciplinary proceedings that resulted in the loss of good time credit. Burman provides some additional information about Claim 3 in his objection to the warden's motion for summary judgment. Without challenging specific disciplinary proceedings, Burman states that he is challenging the manner and means "of the proceedings that took place" and alleges generally that those proceedings violated unspecified parts of the constitution, that the Comprehensive Crime Control Act violates the Ex Post Facto Clause, "the non delegation of Power Clause, and the Separation of Power." Doc. 22, at *4.

## Discussion

The warden moves for summary judgment on the grounds that Claim 1 is unexhausted, that Burman cannot prove his due process claim alleged in Claim 2, and that Claim 3 is unintelligible.

In response, Burman contends that he exhausted his remedies as to Claim 1, that his due process rights were violated as alleged in Count 2, and that sanctions of taking good time credits imposed as the result of disciplinary proceedings over the past ten years were illegal. The warden did not file a reply.

A. Claim 1 – Exhaustion

There is a common law requirement that petitioners exhaust administrative remedies before filing a § 2241 petition.[1] Idada v. Spaulding, 456 F. Supp. 3d 294, 297 (D. Mass. 2020); see also Richmond v. Scibana, 387 F.3d 602, 604 (7th Cir. 2004); Roland v. Houser, 21-cv-135-RRB, 2021 WL 2832940, at *4 (D. Alas. July 7, 2021). The BOP's Administrative Remedy Program provides a process for prisoners to raise and appeal issues. 28 C.F.R. §§ 542.13-542.18; see Levine v. U.S. Dep't of Fed. Bur. of Prisons, 20-cv-11833-ADB, 2021 WL 681689, at *2 (D. Mass. Feb. 22, 2021); see also Doc. no. 19-1. The Administrative Remedy Program begins with attempting to resolve the issue informally and then proceeds through two appeals levels. If the administrative process applies, a prisoner is required to complete that process to exhaust a claim for purposes of a

---

[1] The statutory exhaustion requirement under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) does not apply to § 2241 petitions. Idada v. Spaulding, 456 F. Supp. 3d 294, 296 (D. Mass. 2020).

§ 2241 petition. Ellis v. Ciolli, No. 19 CV 50318, 2021 WL 1784753, at *2 (N.D. Ill. May 5, 2021).

The warden contends that Burman did not exhaust Claim 1 and provides evidence about the administrative process. Cheryl Magnussen, a legal assistant employed by the BOP, searched BOP records pertaining to Burman and found two records pertaining to Incident Report # 2680722. Doc. 19-1, ¶ 8. The records show that the Northeast Regional Office denied Burman's appeal on March 3, 2020. Doc. 19-2, at *47. Burman then filed an appeal with the Office of General Counsel on July 9, 2020. That appeal was returned on July 24 because Burman failed to file a copy of the decision from the Northeast Regional Office. He was given fifteen days to comply with that requirement, but he did not file anything in response to that notice. As is noted above, the warden did not provide a copy of the decision issued by the Northeast Regional Office.

Exceptions to the exhaustion requirement may exist when that process would cause prejudice due to unreasonable delay, the BOP cannot resolve the issue or grant the requested relief, the appeals process would be futile because of bias or a foregone conclusion, and when the petition raises substantial constitutional issues. Id.; see also Holloway v. Hillsborough County Dep't of Corrs. Superintendent, 21—cv-205-JL, 2021 WL 1227760, at *3 (D.N.H. Mar. 15, 2020). In addition, waiver of

the exhaustion requirement may be appropriate when a prisoner's failure to comply with the requirements of the Administrative Remedy Program was caused by the BOP.  See Butler v. Swain, No. EDCV 18-2433 MWF(SS), 2019 WL 4648902, at *4 (C.D. Cal. Aug. 22, 2019); Posey v. U.S. Prole Comm'n, 16-HC-2106-FL, 2018 WL 1384638, at *5 (E.D.N.C. Mar. 19, 2018).  Similarly, exhaustion may be excused if a prisoner can show cause for the failure to exhaust and prejudice.  See Concepcion v. Warden Allenwood FCI, 750 F. App'x 184, 185 (3d Cir. 2019); Johnson v. Kan. Parole Bd., 419 F. App'x 867, 870 (10th Cir. 2011).

Burman contends that he was unable to complete the appeals process for Claim 1 because he never got a response to his appeal from the Northeast Regional Director.  In support, Burman filed a copy of a form he completed, which is dated June 25, 2020, and appears to be a copy of his appeal to the Office of General Counsel.  Burman wrote on the form that the Northeast Regional Office received his appeal on March 2 and that he never received a response.

When a prisoner does not receive a response within the time allowed, he is to presume that his appeal was denied and to proceed to the next level.  28 C.F.R. § 542.18; Gordon v. Warden, 20-cv-2419, 2021 WL 780762, at *3 (M.D. Penn. Mar. 1, 2021).  According to Burman's version of events, that is what he did.  When he received no response from the Regional Director,

8

he filed an appeal with the Office of General Counsel and explained that he had received no response from the Regional Director. The Office of General Counsel, however, required him to provide a copy of the decision issued by the Regional Director. Burman contends that he did not receive any response to his appeal from the Regional Director. For that reason, Burman contends that he could not comply with the Office of General Counsel's requirement that he provide a copy of a non-existent decision, which would make any further attempt to exhaust administrative remedies futile.

The record is not sufficiently developed to determine whether a written decision was issued by the regional director or whether Burman received a copy of the decision.[2] If not, as Burman contends, he could not be required to send a copy of a decision he never received to the Office of the General Counsel, as he was directed to do. For that reason, the record does not show, based on undisputed facts, that Burman failed to exhaust available administrative remedies. Summary judgment is denied as to Claim 1, without prejudice to filing a motion for summary judgment with adequate support to show a failure to exhaust

---

[2] In contrast, the record is amply developed with respect to the decision, Burman's appeals, and the administrative responses relevant to Claim 2.

administrative remedies or to show that the warden is entitled to summary judgment on the merits of Claim 1.

B.  Claim 2 – Violation of Due Process

Claim 2 addresses Incident Report # 336215, which occurred on September 20, 2019, when an officer reported that Burman failed to comply with an officer's order to submit to handcuffs, became disruptive, and cursed and said he would assault any staff member who entered his cell.  Burman alleges that the proceedings for Incident Report # 3306215 violated his due process rights because the hearing officer believed the officer's statement in the incident report instead of Burman's version of events and because the hearing officer refused to review the security camera for video of the incident.[3]  In his objection to the warden's motion for summary judgment, Burman adds that delay between the incident and the DHO hearing violated BOP Program Statements 5209.09 and 5270.11 and due process.

---

[3] Although Burman mentions the right to remain silent, he alleges nothing that occurred in the disciplinary proceedings that would implicate that right.

1. Violation of Program Statements

Burman's addition in his objection of allegations that the DHO violated Program Statements is unavailing. Violation of BOP Program Statements does not provide grounds to support habeas corpus relief. Reeb v. Thomas, 636 F.3d 1224, 1227 (9th Cir. 2011). Therefore, to the extent Claim 2 is based on violations of BOP Program Statements, it fails.

2. Delay

To show a due process violation based on delay between a disciplinary incident and the disciplinary hearing, Burman must show that the delay was unreasonably long and was prejudicial. See United States v. Tores-Santana, 991 F.3d 257, 264 (1st Cir. 2021). Burman has not shown that the time between the incident report, on September 22, 2019, and the hearing, on October 15, 2019, was unreasonable or prejudicial. Therefore, Burman has provided no grounds to show a due process violation based on the time between the incident report and the hearing in his case.

3. Evidentiary Basis for the Decision

Burman also challenges the evidentiary basis for the DHO's decision. He argues that the DHO should have believed him rather than the officer who completed the incident report. In support of his appeals of the DHO's decision, Burman argued that

the incident report was fabricated.  That theory was unsuccessful.  He does not raise the fabrication theory in support of his § 2241 petition.

In prison disciplinary hearings that may result in the loss of good time credit, a prisoner has a due process right to advance written notice of the charges, an opportunity to call witnesses and present documentary evidence, and a written statement of the factfinder on the evidence and reasons for the decision.  Superintendent v. Hill, 472 U.S. 445, 454 (1985).  A DHO's finding on a disciplinary matter complies with the requirements of due process as long as it is supported by "some evidence."  Id. at 455; accord Rivera v. Warden, 20-cv-918-JL, 2021 WL 1894499, at *2 (D.N.H. Apr. 22, 2021).

In this case, the officer's incident report provided some evidence to support the DHO's finding that Burman refused to comply with the officer's order and threatened prison staff.  The DHO explained why he found the officer's report more credible than Burman's version of the incident.  There is no evidence of bias.  Burman provides no basis to conclude that any due process violation occurred in the DHO's report that found him guilty of the charged violation.

4. Video Footage of Incident

Burman also argues that the DHO should have reviewed video from a security camera and that by failing to do so he prevented Burman from presenting his defense. As the warden points out, however, the record does not support Burman's argument.

There is no indication in the DHO's report that Burman ever asked for security camera video footage or asked the DHO to look for or review such evidence. Further, Burman did not raise that issue in his appeals to the Regional Director and the Office of General Counsel. For those reasons, his claim based on a theory that he was denied an ability to prove his defense because the DHO did not provide or review footage from a security camera was not exhausted.

Under these circumstances, Burman cannot bring a claim in support of his § 2241 petition that his due process rights were violated by the lack of video footage from a security camera.

C. Claim 3 – Sanctions of Taking Good Time Credit

In Claim 3, Burman generally challenges decisions over ten years that resulted in taking good time credits. He makes no specific allegations as to any particular incident and makes no showing as to how any of his constitutional rights were violated. Therefore, Burman does not state a claim on which relief may be granted.

## Conclusion

For the foregoing reasons, the warden's motion for summary judgment (document no. 19) is granted as to Claim 2 and Claim 3. The motion is denied as to Claim 1, without prejudice to filing a motion for summary judgment with adequate support to show a failure to exhaust administrative remedies or to show that Claim 1 fails on the merits.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

July 14, 2021

cc: Allah Burman, pro se.
    Seth R. Aframe, AUSA.